# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **JOHN PARSONS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:04CV000080 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **JO ANNE B. BARNHART,** ) | By: James P. Jones |
| **COMMISSIONER OF SOCIAL** ) | Chief United States District Judge |
| **SECURITY,** ) | |
| ) | |
| Defendant. ) | |

In this social security case, I affirm the final decision of the Commissioner.

## *I. Background*.

John Parsons filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claims for disability insurance benefits ("DIB") under title II of the Social Security Act, 42 U.S.C.A. § 401-433 (West 2003 & Supp. 2005) ("Act"). This court has jurisdiction pursuant to 42 U.S.C.A. § 405(g).

My review under the Act is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the

Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id*.

Parsons first applied for DIB, and supplemental security income ("SSI") under title XVI of the Act, on July 29, 1993. *See* 42 U.S.C.A. § 1381-1383d (West 2003). After completing the administrative process, this court affirmed an administrative law judge's ("ALJ") November 30, 1995 decision that the plaintiff was not disabled. Parsons filed second applications for DIB and SSI in June and July 1997. After completing the administrative process, this court affirmed the ALJ's August 14, 1998 decision, again concluding that the plaintiff was not disabled.

Parsons filed the current set of DIB and SSI applications on November 29, 2000. His application was denied initially on June 11, 2001, and on reconsideration on September 19, 2001. Parsons received a hearing before an ALJ, who issued a partially favorable decision on July 25, 2002, finding him eligible from SSI beginning in November 2000 due to colon cancer and accompanying symptoms. The ALJ found Parsons not otherwise disabled and ineligible for DIB. The ALJ's decision became final upon approval of the Appeals Council on August 4, 2004, and Parsons filed the present suit.

The parties have briefed the issues, and the case is ripe for decision.

## *II. Facts.*

Parsons was fifty years old at the time of the ALJ's most recent decision. He has a high school education, and has relevant work experience as a coal miner and a supply clerk. He alleges disability due to back pain, neck pain, back surgery, spur removal from his foot, and colon cancer.

The plaintiff's last insured date is September 30, 1998. Thus, to establish entitlement to DIB, Parsons must demonstrate that he was under a disability lasting for a period of twelve continuous months beginning on or before his date last insured.

Because the ALJ offered a detailed summary of the medical record in his hearing decision, I will not repeat that evidence here.

The ALJ determined that while Parsons has severe impairments imposing significant work restrictions, he was not disabled prior to his date last insured, and retained the residual functional capacity to perform a wide range of light work. Based upon the testimony of a vocational expert ("VE") at the hearing, the ALJ found that the plaintiff was capable of performing jobs existing in significant numbers in the national economy.

- 3 -

*III. Analysis*.

The plaintiff asserts that the ALJ's decision is not supported by substantial evidence. Specifically, he argues that the ALJ failed to address and afford proper weight to the opinion of Dr. Art Van Zee, a physician who treated plaintiff from March 1991 through August 2001. The plaintiff also disputes the ALJ's determination that he is capable of performing a wide range of light work. Of particular interest in this case is whether there is substantial evidence in the record to support the ALJ's conclusion that the plaintiff was not disabled on or before September 30, 1998, his date last insured.

I find reasonable the ALJ's determination regarding the medical opinion of Dr. Van Zee, a physician who has treated the plaintiff longitudinally. Although the ALJ in the present case failed to review Dr. Van Zee's findings, the relevant portions of Dr. Van Zee's records were previously reviewed by the ALJ in considering the plaintiff's second application for benefits. As that determination was affirmed by a judge of this court, I find the decision not to consider Dr. Van Zee's finding supported by substantial evidence. Even were I to find it necessary for the ALJ to reconsider Dr. Van Zee's opinion regarding the plaintiff's condition and alleged limitations, I would still find reasonable his conclusion regarding the proper weight afforded Dr. Van Zee's opinion. Dr. Van Zee's medical opinion is based substantially

on the subjective complaints of the plaintiff, rather than on objective medical testing, and is thus not entitled to controlling weight. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). I find that the ALJ's determination on this issue is supported by substantial evidence.

The plaintiff next disputes the ALJ's determination that he is capable of performing a wide range of light work, asserting that it is unsupported by substantial evidence in the record. The ALJ determined that the plaintiff does suffer from severe impairments imposing significant work restrictions. (R. at 236.) The ALJ limited the plaintiff to jobs not involving prolonged sitting or standing, repetitive stooping, crouching, or crawling. (R. at 237.) The ALJ cited the medical evidence as well as the plaintiff's own reports about his actual activity as supportive of his decision. The plaintiff, however, asserts that, for the reasons explained above, the ALJ erroneously failed to consider the limitations on the plaintiff's activity level as suggested by Dr. Van Zee. Because I find that Dr. Van Zee's medical opinion was based on the plaintiff's subjective complaints rather than on objective medical testing, I find that the ALJ's decision to afford lesser weight to that opinion was supported by substantial evidence.

Finally, I find that the ALJ's determination regarding the plaintiff's residual functional capacity is supported by the record, as is the determination that the plaintiff is capable of performing a number of light work jobs in the national economy.

*IV. Conclusion.*

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

ENTER: March 27, 2006

/s/ JAMES P. JONES
Chief United States District Judge

- 6 -

Case 2:04-cv-00080-JPJ-PMS   Document 17   Filed 03/27/06   Page 6 of 6   Pageid#: 73